|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| YOLANDA ALFONSO-MORALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Civil No. 07-1853 (JAF) |

**OPINION AND ORDER**

On September 14, 2007, Plaintiffs, Yolanda Alfonso-Morales ("Alfonso") and Ulises Astacio-Alfonso ("Astacio"), brought this action against Defendant, the Social Security Administration ("SSA"), seeking monetary damages for Defendant's termination of benefits to Plaintiffs. Docket Nos. 1, 12. On October 22, 2008, Defendant moved to dismiss per Federal Rule of Civil Procedure 12(b)(1). Docket No. 15. Plaintiffs opposed on November 20, 2008, Docket No. 19. Defendant replied on February 6, 2009. Docket No. 20.

We derive the following facts from Plaintiffs' amended complaint. Docket No. 12. Alfonso is the mother of Astacio, who is disabled. Plaintiffs had received social security benefits while living in Florida. After Defendant terminated Alfonso's legal guardianship over Astacio in 2004, Plaintiffs ceased to receive payments and moved to Puerto Rico. Plaintiffs have suffered physical and mental injuries due to Defendant's actions.

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction. See Fed. R. Civ.

Civil No. 07-1853 (JAF)                                                -2-

P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). A movant may pose a "sufficiency challenge," under which we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

Defendant argues that Plaintiffs may not recover physical and mental damages arising from its decisions. Docket Nos. 16, 20. Federal district courts lack original jurisdiction to hear cases "to recover on any claim arising" from SSA's decisions regarding disability benefits. 42 U.S.C. § 405(h); accord P.R. Ass'n of Physical Med. & Rehab., Inc. v. United States, 521 F.3d 46, 48 (1st Cir. 2008). The administrative process under § 405(g), including appeal to federal district court, provides the appropriate, exclusive remedy for such decisions.[1] See P.R. Ass'n, 521 F.3d at 48.

Plaintiffs assert 28 U.S.C. § 1331 as their sole basis for jurisdiction. Docket No. 12. Plaintiffs "seek monetary redress" for "physical and mental sufferings" caused by Defendant's actions. Id. Plaintiffs admit that they do not seek our review, per § 405(g), of an SSA decision against them. Docket No. 19. However, § 405(h) expressly precludes remedies in tort. As Plaintiffs' claim for

---

[1] Plaintiffs are cognizant of the proper path to redress under § 405(g), and have availed themselves of it. See Docket No. 19.

Civil No. 07-1853 (JAF)                                              -3-

monetary damages falls squarely within the jurisdictional bar of § 405(h), they have pleaded themselves out of court.[2]

Accordingly, we hereby **DISMISS** Plaintiffs' complaint, Docket No. 12, **WITH PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of April, 2009.

                                          s/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          Chief U.S. District Judge

---

[2] As we dispose of this case under the jurisdictional bar of § 405(h), we need not address Defendant's separate defense of failure to exhaust administrative remedies under § 405(g).  See Docket Nos. 16, 20.